RECEIVED
MAR 26 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

_5:18-CV-116-BO_ DIVISION

Carter, Danielle A.                    )

_____)

_____)
(Enter above the full name
of the Plaintiff[s] in this
action).

      vs.

_____DHHS_____)

Department of Health and Human Services

_____)

_____)
(Enter above the full name of
ALL Defendant[s] in this action.
Fed.R.Civ.P.10(a) requires that
the caption of the <u>complaint</u>
include the names of all the
parties. Merely listing one
party and "et al." is insufficient.
Please attach additional sheets if
necessary).

Case No. _____
(To be assigned
by the Clerk of
District Court)

<u>COMPLAINT</u>

1. Plaintiff resides at unspecified shelters in Raleigh, NC, temporarily.

1

2. Defendant(s) name(s): Department of Health and Human Services; DHHS; The State of North Carolina; United States Government.

Location of principal office(s) of the named defendant(s): 61 Forsyth Street, S.W., Atlanta Federal Center, Suite 16T70 Atlanta, GA 30303-8909

Nature of defendant(s) business: United States government agency.

Approximate number of individuals employed by defendant: Over 100.

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on this court by 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 20003-5(g).

4. The acts complained of in this suit concern:

   (A) __X__ Failure to employ me.

   (B) _____ Termination of my employment.

   (C) _____ Failure to promote me.

   (D) __X__ Other acts as specified below:

2

Fraud and Duress; involuntary adoption of an infant; Discrimination; Defamation; malpractice; Fraud; Tort ~~ALL~~

5. Plaintiff is:

   (A) _____ presently employed by the defendant.

   (B) _X_ not presently employed by the defendant.

   The dates of employment were _N/A_.

   Employment was terminated because:

   (1) _X_ plaintiff was discharged.

   (2) _X_ plaintiff was laid off.

   (3) _X_ plaintiff left job voluntarily.

6. Defendant(s) conduct is discriminatory with respect to the following:

   (A) _X_ my race.

   (B) _____ my religion.

   (C) _X_ my sex.

3

(D) __X__ my national origin.

(E) __X__ other as specified below:

Perceived disabilities; retaliation; age; marital status; ~~apple~~

7. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are):

Army, Navy,; Ludwig, German/white, male, director; Melanie Cogdell, Hispanic, F, caseworker; Gloria Bush, black, female, supervisor; Shameika Singleton, black, female, caseworker; Marie Eckhardt, Italian/white, female, Guardian at Litem; Gregory, black, male, judge; Steve Combs, white, male, court appointed attorney.

8. The alleged discrimination occurred on or about

October 04, 2013.

9. The nature of my complaint, i.e., the manner in which the individuals(s) named above discriminated against me in terms of the conditions of my employment is as follows:

October 04, 2013, ~~Rasheeda Monroe, a practicing doctor,~~ Shameika Singleton entered my home without identification to remove my child from my home within thirty minutes remaining of a business day (Friday). Singleton stated

4

7. Penny Hudson, black, female, Community Care For Children

a.
- that my two-month old infant appeared is healthy, happy, attached, and secure. Singleton continued to tour my home and stated that my child would be removed within thirty minutes, as a couple awaited in an office located 220 Swinburne, Raleigh, NC, 27610. Singleton demanded possession of my infant with ultimatum that I would only have the option to enter kinship care, however someone would be forced to arrive in only the allowed amount of time before my child would be kidnapped. Singleton enforced demands, with self-noted military service, by stating "I was in the Navy. I was stationed in Yokosuka, Japan." Singleton demanded records pertaining to my postpartum and after verification that I am healthy secure falsify a document ordering that I would enter kinship care, since I immediately succeeded to contact a sitter. Singleton persisted to demand that my infant is removed to begin an investigation for surety, and that I am only to remain in my home and complete my laundry. Penny Hudson remained an existing witness to my infant removal and debated

that the removal is wrong insisting, "she's breastfeeding!" However prior to the rejected, unexpected visit of Singleton a Child Protective Services DHHS employee, Hudson attempts to contact the alleged biological father of my child to enforce and establish paternity and child support. Hudson personalized attempts with impertinent information regarding collecting child support from U.S. Army veterans from experience. I rejected attempts to coerce and establish paternity and acknowledged that the alleged parent offers support. Hudson demanded contact information for Dionisio Ford, and Ford requested a cease in harassment. Hudson with Singleton, persisted to interrupt my household and initiate kidnapping my child, along with Gloria Bush. Bush complained, "I don't want you to hate me" after I stated and exclaimed "too wrong!" except calmly. After complicating reunification and forcing a cease to my own lactation, Bush stated that Singleton no longer resides in the state of North Carolina. Melanie Cogdell continued to withhold my child and ceased reunification after coercing the use of bad drugs, insulting that I was "high on respiradon" and only allowing one hour of visit per week with my newborn to wean and force adoption. My complaint to Ludwig was responded with intimidation and discrimination. I explained that my child's removal is agonizing, crippling, and I feared. DHHS remains taunting, and I was tormented and terrorized with medicine. Before several misdiagnoses I continued to be an Honor student in college that displayed no

weakness to instructors. Caseworkers continued to slander and defame with libel before Gregory to coerce fraud and duress adoption. Steve Combs stated that I have to sign and relinquish my parental rights, that "you're going to lose," and that if I did not, it was going to get "ugly"; my infant was not comfortable in DHHS environments as is in my home and in custody, I have not known my newborn since October 4, 2013, since after two months of delivery. Marie Eckhardt inquired for paternity information, stated that I am "cute", and stalked while I receive crisis intervention (Waxebrook Crisis Center). I was/am terrified. The people/public harassed, "we paid for her" and "we raped her." DHHS demanded that I am compliant with mental health to defame and fraudulently adopt my child. Child Enforcement Agency involved Ford with paternity testing, however also discriminated, denied paternity and refused retesting to close the case. My child has no established father, and witnesses continue to harass my victimization. My daughter is removed by DHHS and said not to return due to disability of mine. OCR Transaction Number: 04-14-169708. I am injured. I demand $86,000,000.00 to $1,000,000,000.00.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

10. The alleged illegal activity took place at: 220 Swinburne Ct, Raleigh, NC, 27610.

11. I filed charges with the Equal Employment Opportunity Commission regarding defendant(s) alleged discriminatory conduct on or about N/A. I have attached a copy of the Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on N/A _____.

12. I seek the following relief:

(A) _____ recovery of back pay;

(B) _____ reinstatement to my former job;

(C) __X__ trial by jury on all issues so triable;

and any other relief as may be appropriate, including

5

injunctive orders, damages, costs and attorney's fees.

03/26/2018
Date

*[signature]*
Signature of Plaintiff
P.O. Box 40194
Raleigh, NC 27604

(252) 762-5816
Address and Phone Number of Plaintiff

6