IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-116-BO

DANIELLE A. CARTER, )
                Plaintiff, )
                               )             O R D E R
v. )
                               )
DEPARTMENT OF HEALTH AND )
HUMAN SERVICES, *et al.*, )
                Defendants. )

This cause comes before the Court following entry of a memorandum and recommendation by United States Magistrate Judge James E. Gates. 28 U.S.C. § 636(b). Plaintiff has filed untimely objections to the memorandum and recommendation, and the matter is ripe for review. For the reasons that follow, the memorandum and recommendation (M&R) of Magistrate Judge Gates is adopted.

## BACKGROUND

Plaintiff instituted this action *pro se* by filing a motion to proceed *in forma pauperis*, which was granted by the magistrate judge. In her complaint, plaintiff alleges claims against the Department of Health and Human Services, the State of North Carolina, and the United States Government arising out of the termination of her parental rights. *See* [DE 10]. Plaintiff has asserted a number of tort claims against defendants, and seeks, *inter alia*, money damages, permanent reunification with her child, award of sole custody, and expungement of records.

The M&R recommends dismissal of plaintiff's complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (discussing doctrine). Plaintiff was notified that her

objections to the M&R were to be filed not later than June 1, 2018 [DE 8]; plaintiff filed her objections on June 6, 2018. [DE 9].

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Plaintiff has failed to timely object to the M&R. The Court has reviewed the M&R and is satisfied that there is no clear error on the face of the record. Moreover, even having considered plaintiff's untimely objections, she has failed to come forward to identify perceived specific errors in the recommendation, and makes only conclusory objections and additional claims. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (court need not conduct *de novo* review where objections are general or conclusory). Accordingly, the memorandum and recommendation is ADOPTED.

## CONCLUSION

The memorandum and recommendation of Magistrate Judge Gates is ADOPTED. Plaintiff's complaint is hereby DISMISSED as frivolous for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The clerk is DIRECTED to close the case.

SO ORDERED, this __13__ day of June, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2